| | |
|---|---|
| 1 | DEVIN DERHAM-BURK #104353<br>CHAPTER 13 STANDING TRUSTEE |
| 2 | P O Box 50013<br>San Jose, CA 95150-0013 |
| 3 | Telephone: (408) 354-4413 |
| 4 | Facsimile: (408) 354-5513 |
| 5 | Trustee for Debtor(s) |

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA - DIVISION 5

In re:

BRUCE SCHROETLIN,

Debtor(s)

Chapter 13
Case No. 17-53003 SLJ

FIRST AMENDED TRUSTEE'S OBJECTION TO CONFIRMATION WITH CERTIFICATE OF SERVICE

Continued 341 Meeting Date: February 28, 2018 at 9:45 a.m. (Salinas Location)
Initial Confirmation Date: February 15, 2018 at 9:55 a.m.

Place: 280 South First Street #3099
       San Jose, CA 95133

Judge: Hon. Stephen L. Johnson

Devin Derham-Burk, Trustee in the above matter, objects to the Confirmation of this Plan for the following reasons:

1. The Debtor has not complied with the following provisions contained in General Order 34 of the United States Bankruptcy Court for the Northern District of California therefore the plan cannot be confirmed. The Debtor has failed to provide the Chapter 13 Trustee with Form NDC 1-4 Authorization to Release Information to Trustee.

Objection to Confirmation 17-53003 SLJ

2. The Plan is not feasible pursuant to 11 U.S.C. §1325(a)(6) because the Debtor is proposing to pay a total of $59,400.00 and this is not enough money to pay all scheduled and/or filed secured, priority, administrative, and any general unsecured claims plus trustee's fees. As of the date of this objection and based on the Trustee's review of scheduled and filed claims, the Debtor would need to pay $90,345.41. **This amount can change *daily* because it is derived from many variables including the amounts stated on filed claims, changing treatment of claims in amended plans, objections to claims, additional attorney's fees and changing trustee's fees. The actual amount of money needed to complete the plan cannot be determined until after the plan is confirmed and all claims are filed and allowed. The Trustee is providing the above number to assist the Debtor in understanding why the plan is not feasible at this time. The number does not represent an actual payoff for the case and cannot be relied upon for any purpose other than to demonstrate lack of feasibility.**

3. The Trustee is unable to determine if the Plan is in compliance with 11 U.S.C. §1325(a)(4). The Trustee has filed an Objection to Debtor's Claim of Exemptions which must be resolved prior to the Trustee recommending confirmation.

4. In order to perform her duties under 11 U.S.C. §1302(c) (incorporating duties under 11 U.S.C. §1106(a)(3)), the Trustee requests the debtor provide a Profit and Loss statement for Woodcraft Hardwood Floors for the six-months prior to filing.

5. In order to perform her duties under 11 U.S.C. §1302(c) (incorporating duties under 11 U.S.C. §1106(a)(3)), the Trustee requests the debtor provide a Balance Sheet for Woodcraft Hardwood Floors dated as of December 14, 2017.

//
//
//

6. In order to assist the Trustee in determining whether the disposable income test in 11 U.S.C. §1325(b)(1)(B) and/or the feasibility test in 11 U.S.C. §1325(a)(6) is met, the Trustee requests that the Debtor provide her with a copy of each federal and state income tax return and W-2 form required under applicable law with respect to each tax year of the Debtor's ending while the case is pending confirmation. The tax return shall be provided to her at the same time it is filed with the taxing authority.

7. The debtor has failed to appear and/or submit to examination under oath at the meeting of creditors under 11 U.S.C. §341(a). Without conducting this examination, the Trustee is unable to adequately investigate the debtor's financial affairs as she is required to do pursuant to 11 U.S.C. §1302(b)(1) (incorporating 11 U.S.C. §704(a)(4)). In addition, until the debtor is examined by the Trustee, she is unable to recommend confirmation of the debtor's plan. The Trustee requests that the debtor appear at a rescheduled meeting of creditors.

8. The debtor has failed to provide the Trustee with either or both 1) a government-issued photo identification, or 2) proof of a social security number. *See* 11 U.S.C. §521(h). Without being able to establish the identity of the debtor, the Trustee is unable to adequately investigate the financial affairs of the debtor or recommend confirmation. The Trustee requests that the debtor provide her with verification of both identity and social security number.

Dated: January 30, 2018

/S/ Devin Derham-Burk

Chapter 13 Trustee

1    **CERTIFICATE OF SERVICE BY MAIL**

    I declare that I am over the age of 18 years, not a party to the within cause; my business address is 983 University Ave. C-100, Los Gatos, California 95032.  I served a copy of the within Objection to Confirmation by placing same in an envelope in the U.S. Mail at Los Gatos, California on January 30, 2018.

    Said envelopes were addressed as follows:

| BRUCE SCHROETLIN | DOUGHERTY & GUENTHER APC |
| 759 GETTYSBURG WAY | 601 S. MAIN ST |
| GILROY, CA  95020 | SALINAS, CA  93901 |

/S/ Devin L. Pace
_____
Office of Devin Derham-Burk, Trustee